**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC LAMONT GONZALEZ, | No. 13-16786 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-05561-CW |
| v. | |
| BILL ZIKA, Dr.; GARBARINO, Dr., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

California state prisoner Eric Lamont Gonzalez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious mental health needs.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

Contrary to Gonzalez's contention, defendants' January 3, 2013 recommendation did not raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious mental health needs.  *See Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989) ("A party opposing a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial.").

Gonzalez's challenges to the denial of his motion for a preliminary injunction are moot.  *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

The district court did not abuse its discretion by denying Gonzalez's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because Gonzalez failed to establish any ground warranting reconsideration.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59(e)).

We reject Gonzalez's contention that the district court should have, sua sponte, appointed a neutral expert witness under Federal Rule of Evidence 706(a).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim[.]").

**AFFIRMED.**